OPINION OF THE COURT
John R. Cannizzaro, J.
The following papers submitted upon this motion by peti *889 tioner landlord for an order granting summary judgment against the named respondent tenants; and the named respondent tenants’ cross motion for summary judgment dismissing the petitions with prejudice this 30th day of July 1987 are:
Papers Numbered
Notice of motion and affidavit annexed 1
Notice of cross-motion and affidavits annexed 2
Affirmation in opposition 3
Affirmation in reply 4
The instant proceedings are summary holdover proceedings based upon the refusal of the respondents (tenants) to provide the petitioner (landlord) access necessary for the installation of new windows in premises designated as a landmark.
The above-captioned proceedings have their origin in complaints generated by the tenants regarding the windows in their respective apartments.
A profound perusal of the documents submitted by tenants, respectively, reveal that:
"There exists and have existed in the premises conditions dangerous to life, health and safety.
"By reason of said failure to make repairs and to maintain services, petitioner has breached the Warranty of Habitability * * *
"That said course of conduct constitutes a retaliatory eviction”.
In addition thereto, respondent Bradley Smith initiated a complaint with the Division of Housing and Community Renewal (DHCR), Office of Rent Administration wherein he stated amongst a number of complaints "Rotting window frames. Top part of kitchen window jammed. Window frames decaying, crooked.” And requests a rent reduction. (Dated May 4,1985.)
However, the documents fail to indicate the determination of that complaint but do reveal that DHCR allowed a $6 per month decrease to a tenant, William F. Arnholt, not a party to these proceedings, for the defective windows.
There is no dispute that the windows are in need of repair or replacement, by admission of the respondents’ answer.
The issue is whether the landlord is entitled to an order directing the tenants to provide access to their apartments to allow the repair or replacement of the windows.
*890 The case at bar discloses that the subject premises have been given a landmark designation and fall within the purview of chapter 8-A of the Administrative Code of the City of New York, "Preservation of Landmarks and Historical Districts”.
Section 205-1.0 (b) clearly defines the purpose of that chapter; which for these motions state inter alia: "The purpose of this chapter is to (a) effect and accomplish the protection, enhancement and perpetuation of such improvements and landscape features and of districts which represent or reflect elements of the city’s cultural, social, economic, political and architectural history; (b) safeguard the city’s historic, aesthetic and cultural heritage, as embodied and reflected in such improvements, landscape features and districts; (c) stabilize and improve property values in such districts; (d) foster civic pride in the beauty and noble accomplishments of the past; (e) protect and enhance the city’s attractions to tourists and visitors and the support and stimulus to business and industry thereby provided; (f) strengthen the economy of the city; and (g) promote the use of historic districts, landmarks, interior landmarks and scenic landmarks for the education, pleasure and welfare of the people of the city. (Amended by L.L. 1973, No. 71, Dec. 17.)”
The Administrative Code also prescribes rules and regulations for the establishment of landmarks (§ 207-2.0), which provides for public hearings before a designation is made.
Section 207-3.0 (b) provides inter alia: "the commission may, in exercising or performing its powers, duties or functions * * * apply or impose * * * with respect * * * or the performance of minor work thereon, regulations, limitations, determinations or conditions which are more restrictive than those prescribed or made by or pursuant to other provisions of law applicable to such activities, work or use.”
Section 207-9.0 (a) (1), "Regulation of minor work,” provides in sum and substance: "it shall be unlawful for any person in charge of an improvement located on a landmark site * * * to perform any minor work thereon * * * unless the commission has issued a permit”.
Section 207-10.0 places upon the person in charge the obligation of maintaining a landmark site in good repair all exterior and interior portions to prevent deterioration, decay, damage and to prevent a state of disrepair.
*891 Section 207-12.0 relating to public hearings; conferences require notices and public hearings relating to this designation of a proposed landmark, landmark site, interior landmark or scenic landmark, the amendment to any designation, amendment or rescission to any designation.
The Administrative Code is silent as to any notices required to be served upon anyone regarding minor work such as a repair or replacement of windows, so long as a permit is obtained as prescribed in section 207-9.0.
To provide for notice to the tenants for minor work (not required by statute) would be contrary to the purpose and function of the Landmark Commission, in its duties to preserve or enhance the architectural, historic and aesthetic value of designated landmarks.
The Administrative Code specifically prescribes that obtaining of a certificate or permit to do the work does not absolve the person in charge of complying with any applicable statutes and regulations affecting the repairs. There exists no such applicable obligation to do so in the instant case.
This court is concerned only with the question of access and not the desirability or adequacy of the windows.
The respondents in support of their motion cite a Civil Court case tried in New York County (Part 18L), Amsterdam Ave. Dev. v Ryce.
A very well-written decision, but it can be distinguished from the case at bar. While the issues are identical the character of the buildings are not.
This case deals with a building designated as a landmark subject to greater stringent rules and regulations requiring the owner or person in charge to maintain and repair the premises. (See, Administrative Code ch 8-A.)
The petitioner’s motion for summary judgment is granted upon the following condition: that the named respondents provide access necessary for the installation of the new windows in the respective apartments within 30 days after the entry of this order.
In event of the failure or neglect of the named respondents to comply, the petitioner shall have judgment of possession within 60 days thereafter.
Respondents’ cross motion for summary judgment is denied.